| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VII | | |
| A & J RENTAL, LLC<br>Y OTROS<br><br>Peticionarios<br><br>v.<br><br>PEMSY GROUP<br>CORPORATION<br>Y OTROS<br><br>Recurridos | KLCE202401208 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Sobre:<br>Sentencia Declaratoria; Interdicto Posesorio<br><br>Caso Número:<br>CO2024CV00165 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 3 de diciembre de 2024.

Los peticionarios, A&J Rental LLC, Isaac Díaz y Jovana Zambrana, comparecen ante nos para que dejemos sin efecto la determinación emitida por el Tribunal, de Primera Instancia, Sala de Aibonito, el 2 de septiembre de 2024, notificada a las partes el 16 de septiembre de 2024. Mediante la misma, foro primario declaró *Ha Lugar* una solicitud de desestimación promovida por la parte recurrida, Autoridad de Acueductos y Alcantarillados (AAA). Lo anterior, dentro de una acción civil sobre sentencia declaratoria, interdicto permanente, daños y perjuicios, incumplimiento de contrato y fraude bancario.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se confirma la *Resolución* recurrida.

### I

El 4 de junio de 2024, los peticionarios presentaron la demanda de epígrafe en contra de los codemandados: Pemsy Group Corporation; Pedro L. Santiago Ortiz; Omar Ledeé Colón; Cooperativa de Ahorro y Crédito San Blás Illescas; Phillip Richard

Morris; Calcon Mutual Mortgage, LLC; DBA Trust Home Loans y; tres compañías de seguro de nombre desconocido. En la misma, en esencia, alegaron haber adquirido, por conducto de la gestión de los codemandados, dos (2) unidades de apartamento en determinado proyecto de vivienda que, según indicaron, resultaron no estar aptos para ser habitables.  En particular, destacaron que las referidas unidades no contaban con los servicios esenciales de electricidad y agua potable, así como que confrontaban serios defectos estructurales. A su vez, arguyeron que, durante el trámite del financiamiento correspondiente, el prestador hipotecario incurrió en fraude bancario al autorizar el proceso sin contar con la inspección requerida.  Por igual, sostuvieron que, el corredor de bienes raíces a cargo de la venta, actuó en contravención al estatuto regulador de sus funciones.

En lo aquí pertinente, y entre otras alegaciones, los peticionarios expusieron que, al percatarse de la falta del servicio de agua potable en sus propiedades, solicitaron al codemandado Santiago Ortiz que les proveyera el endoso final requerido por la recurrida AAA para poder conectar el mismo. Según indicaron, en la espera de ello, por voz de un inspector de la AAA, advinieron al conocimiento de que las cajas de los contadores de agua del complejo estaban mal ubicadas, que la conexión de los contadores era incorrecta, que los planos de los apartamentos no habían sido aprobados, todo ello en violación a la ley.  Toda vez lo anterior, los peticionarios indicaron haber unido al pleito a la AAA, en calidad de parte con interés, ello por razón de sus constantes reclamos a los codemandados para que gestionaran la viabilidad de la conexión del servicio de agua potable en sus propiedades. Así, a tenor con todas sus alegaciones, solicitaron al Tribunal de Primera Instancia que impusiera a los codemandados el pago de una indemnización por concepto de daños y perjuicios, así como que les ordenara establecer

las condiciones requeridas para la funcionalidad de sus inmuebles. Los peticionarios también solicitaron que se proveyera para que los codemandados reembolsaran el pago de las hipotecas y de los servicios generales de los apartamentos.

Tras ciertos trámites, el 3 de julio de 2024, la recurrida AAA presentó una *Moción de Desestimación.* En el pliego, expuso que los peticionarios no incluyeron reclamación alguna en su contra y que, si bien estos aludieron a ciertas gestiones efectuadas ante la Agencia, tanto por ellos como por el desarrollador codemandado, ninguna conducta relacionada a su reclamo se le imputó. Al abundar, la AAA indicó que fue traída al pleito en calidad de parte interesada, toda vez los continuos reclamos de los peticionarios a los codemandados relacionados a la instalación del servicio de agua potable. Sin embargo, indicó que ello no cumplía con los criterios consignados en la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, a los fines de validar su inclusión en el pleito. En apoyo a su postura, sostuvo que no era parte indispensable en el caso, que no tenía un interés común con las partes involucradas que impidieran la deposición del asunto sin su presencia y que sus derechos no se veían afectados por razón de la controversia. De este modo, solicitó al Tribunal de Primera Instancia que acogiera su solicitud y, en consecuencia, desestimara la demanda de epígrafe en cuanto a su persona.

Así las cosas, el 30 de julio de 2024, los peticionarios presentaron escrito de *Oposición a Desestimación y de Remedio.* En el mismo, plantearon que la AAA les era directamente responsable por la falta de conexión del servicio de agua potable en los apartamentos en disputa. Añadieron que las alegaciones de la demanda la vinculaban a la controversia, y que esta había incurrido en una demora irrazonable en cuanto a proveer para solicitud de servicio en disputa. Así, los peticionarios, invocando las

disposiciones de la Regla 16.1 de Procedimiento Civil, *supra*, se reafirmaron que la AAA era parte indispensable en el pleito, por lo que no procedía que el mismo se desestimara en cuanto a su persona.

El 31 de julio de 2024, la AAA presentó *Breve Réplica a Oposición a Moción de Desestimación*. En esta ocasión, aclaró que, contrario a lo planteado por los peticionarios, en momento alguno se le vinculó en las alegaciones de la demanda, y se reafirmó en que nunca se formuló una reclamación directa en su contra. Añadió, por igual, que los peticionarios no completaron ninguna solicitud para que les proveyera el servicio de agua potable y que siendo, dicho trámite, uno altamente regulado, el desarrollador del proyecto estaba obligado a cumplir con los criterios y condiciones establecidos en la agencia. Sobre dicho particular, la AAA destacó que dicho proceso era uno separado a las reclamaciones del caso de autos, hecho que sostenía su defensa en cuanto a que no era parte indispensable en el mismo.

El 16 de septiembre de 2024, el Tribunal de Primera Instancia, notificó una *Resolución* por la cual declaró *Ha Lugar* la *Moción de Desestimación* promovida por la recurrida AAA. Concluyó que, tomando como ciertas las alegaciones de la demanda de autos, las mismas no justificaban la concesión de un remedio a cargo de la AAA. Al abundar, expresó que la AAA no era parte indispensable en el pleito, y que no cumplía con los criterios procesales pertinentes a los fines de que se le incluyera en el mismo de forma alguna. Así, a tenor con lo dispuesto en la Regla 10.2 (5) de Procedimiento Civil, 3 LPRA Ap. V, R. 10.2(5), y tras apuntar que el trámite administrativo de los permisos en controversia no había sido completado, así como que el proyecto de construcción tampoco contaba con los planos aprobados por la AAA, el tribunal primario acogió la solicitud promovida por la entidad compareciente.

Inconformes, y luego de denegada una previa solicitud de reconsideración, el 1 de noviembre de 2024, los peticionarios comparecieron ante nos mediante el recurso de *certiorari* que nos ocupa. En el mismo formulan los siguientes señalamientos:

> Erró y abusó de su discreción el Foro de Instancia al desestimar la demanda de este caso contra la parte recurrida aduciendo que la última no es parte indispensable de este caso, cuando de la naturaleza de las alegaciones suficientes en derecho de la demanda del caso de epígrafe surge que, en efecto, la parte recurrida es parte indispensable en este caso.

> Erró y abusó de su discreción el Foro de Instancia al concluir que la parte recurrente tiene que agotar los remedios administrativos, cuando de las alegaciones suficientes en derecho de la demanda en este caso, surge que el agotamiento de remedios administrativos en este caso es un ejercicio fútil y que las controversias de este caso remiten a asuntos de estricto derecho.

**II**

**A**

El estado de derecho vigente establece que las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1; *Pérez Ríos et al. v. CPE*, 2023 TSPR 213 DPR ___ (2023). *Parte indispensable* es aquella de la cual no se puede prescindir, y cuyo interés en la controversia de que trate es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *FCPR v. ELA et al.*, 211 DPR 521, 530-531 (2023); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 463 (2019); *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 389 (2020); *López García v. López García,* 200 DPR 50, 63 (2018). Por eso, el interés mutuo en cuestión tiene que ser de tal orden, que impida producir un decreto sin que se vea afectado. Ese interés común tiene que ser también real e inmediato, no uno futuro ni

constitutivo de meras especulaciones. *Allied Mgmt. Group v. Oriental Bank,* supra, pág. 390.

La doctrina interpretativa reconoce que, a la hora de determinar si la presencia de una parte es indispensable para adjudicar una controversia, se debe analizar "si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 677 (2012). Así, al amparo de dicha premisa, se entiende que el alcance de la Regla 16.1, *supra,* forma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley y la necesidad de que el dictamen judicial que en su día se emita, sea uno correcto y completo. *RPR & BJJ Ex Parte,* 207 DPR 389, 407 (2021) Por tanto, ante la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la controversia. *Romero v. S.L.G. Reyes,* 164 DPR 721, 733 (2005).

**B**

Por su parte, nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 121 (1992). El empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). Considerando eso, la posición doctrinal en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Creas Inc.,* 118 DPR 679, 686-687 (1987). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que

otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *SLG Sierra v. Rodríguez,* 163 DPR 738, 746 (2005).

Ahora bien, la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5), provee para que una parte solicite al foro competente la desestimación de un pleito incoado en su contra, bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. Esta defensa "no está sujeta a la regla general sobre acumulación y renuncia de defensas" establecida en el ordenamiento procesal, y "puede aducirse en cualquier alegación responsiva, en una moción para que se dicte sentencia por las alegaciones e, incluso, luego de comenzado el juicio". *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1066-1067 (2020). En atención a la política pública antes expuesta, para que el referido mecanismo de desestimación proceda en derecho, presupone que se den por correctos y bien alegados los hechos incluidos en la demanda, así como que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Rivera Candela et al v. Universal Insurance Co.,* 2024 TSPR 99, 214 DPR ___ (2024); *Costa Elena y otros v. Magic Sport y otros,* 2024 TSPR 13, 213 DPR ___ (2024); *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70, 84 (2023); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, pág. 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 504-505 (1994).

De igual forma, la demanda deberá ser interpretada con mayor liberalidad a favor de las alegaciones de la parte demandante, por lo que, recayendo la carga probatoria en el promovente de la moción de desestimación, este viene obligado a demostrar que aquel no tiene derecho a remedio alguno al amparo de los hechos que puedan ser probados en apoyo a su requerimiento. *Dorante v. Wrangler of P.R.,* 145 DPR 408, 414 (1998). En este supuesto, la

función judicial estriba en determinar si, aun resolviendo toda incertidumbre en beneficio de la parte demandante, su demanda es suficiente para constituir una reclamación válida. *Pressure Vessels PR v. Empire Gas PR,* supra, pág. 505. Por tanto, si el tribunal estima que una demanda no sobrevive un ataque bajo la mencionada Regla, debe desestimarla sin dar paso a más procedimientos. Así, "[d]e determinar que no cumple con el estándar de plausibilidad, el tribunal debe desestimar la demanda y no permitir que una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento pueden probarse las alegaciones conclusorias". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 307 (6ta Ed. 2017).

**III**

En la causa que nos ocupa, los peticionarios, en esencia, plantean que el Tribunal de Primera Instancia erró al desestimar la causa de autos en cuanto a la AAA, bajo el fundamento de que esta no es parte indispensable en el pleito de epígrafe. Específicamente, indican que las alegaciones de la demanda eran suficientes a los fines de validar la inclusión de la AAA en el pleito. Del mismo modo, los peticionarios aducen que el foro de origen incidió al remitirlos al cauce administrativo de los procedimientos, cuando, afirman, las alegaciones de la demanda establecen la improcedencia dicho curso de acción. Habiendo examinado los referidos señalamientos, a la luz del derecho aplicable y de los hechos establecidos, resolvemos expedir el auto solicitado y confirmar la *Resolución* recurrida.

Un examen de los documentos de autos, mueven nuestro criterio a sostener el decreto de desestimación emitido por el tribunal primario. Ahora bien, previo a exponer nuestro raciocinio, entendemos menester destacar un asunto procesal de relevancia.

El dictamen de autos, toda vez que dispone del asunto en controversia, respecto a una de las personas en el pleito, ello de

manera final y definitiva, debió haber sido emitido mediante *Sentencia Parcial* y no por vía de *Resolución.* Véase, *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 94 (2008). A su vez, y por tratarse de una causa de acción en la que figuran partes múltiples, el Tribunal de Primera Instancia estaba llamado a cumplir con las disposiciones de la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 42.3. En este sentido, apuntamos que la referida disposición provee para que, siempre que un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda de coparte o demanda contra tercero, o figuren en el mismo partes múltiples, el tribunal podrá dictar sentencia final, en cuanto a una o más de las reclamaciones o partes, sin disponer totalmente del caso, siempre que: 1) concluya expresamente que no existe razón para posponer dictar sentencia hasta la resolución final del mismo y; 2) ordene, a su vez, el registro de la sentencia. Incorporada la conclusión antes aludida, la sentencia parcial que en su día recaiga, será final en cuanto a la controversia que adjudica. *US Fire Ins. Co. v. AEE,* 151 DPR 962, 968 (2000); *Asociación de Propietarios v. Santa Bárbara Co.*, 112 DPR 33, 36 (1982). Ahora bien, nuestro estado de derecho ha sido enfático al establecer que, en defecto de estos requisitos, cualquier determinación que adjudique menos del total de las reclamaciones en un pleito, así como, menos de los derechos y obligaciones de las partes en el mismo, no da por concluido el pleito. Dicho dictamen se considera como una *resolución interlocutoria*, revisable, únicamente, mediante recurso de *certiorari. Asociación de Propietarios v. Santa Bárbara Co.*, supra, pág. 42.

A tenor con lo anterior, para que el dictamen de autos surtiera los efectos procesales de una sentencia parcial, el foro de instancia debió haber observado las exigencias estatuidas en la Regla 42.3, *supra.* Sin embargo, toda vez que tal no es el caso, estamos

impedidos de acogerlo como una sentencia final en cuanto a la AAA y, por ende, la comparecencia de los peticionarios como una apelación. Así, en ausencia de la cláusula de finalidad de referencia, el pronunciamiento que nos concierne, en efecto, constituye una resolución revisable mediante *certiorari*, por lo que, el recurso que nos ocupa se presentó correctamente.

Habiendo aclarado lo anterior, somos del criterio de que la demanda de epígrafe carece de alegaciones suficientes respecto a la AAA, de modo que su permanencia en el pleito se justifique en derecho. De la faz de la misma se desprende que, contrario a sus planteamientos, los peticionarios no imputan ninguna conducta a la entidad compareciente, ello a los fines de que pueda considerársele como posible responsable de los daños que alegan, ni como parte indispensable en el pleito. En este sentido, apuntamos que, conforme lo resuelto, el contenido del pliego en cuestión no establece condición alguna que permita entrever la concurrencia de los criterios de la Regla 16.1 de Procedimiento Civil, *supra*. Los argumentos de los peticionarios en la demanda no establecen la posible existencia de un interés suficiente, por parte de la AAA, que pueda verse afectado de adjudicarse el pleito sin su comparecencia. Tan es así que, en la demanda en controversia, los propios peticionarios reconocen que, la inclusión de la recurrida AAA en la causa de acción, respondía a la intención de que esta conociera sobre sus continuos reclamamos a los codemandados para que cumplieran con la obligación de facilitar la conexión del servicio de agua potable a sus unidades. Por tanto, en estricto derecho, no resulta necesaria la participación de la AAA en la demanda de epígrafe.

De otra parte, los peticionarios impugnan que el Tribunal de Primera Instancia los remitiera a cumplir con el trámite administrativo en la AAA, a fin de lograr la instalación del servicio

en controversia. En cuanto a ello, resolvemos que, según surge, no se han cumplimentado las gestiones pertinentes en la AAA, de modo que esta pueda autorizar el servicio de agua potable en los inmuebles en controversia. Siendo así, ningún error puede imputarse al foro primario. Tal cual expuso la AAA en su comparecencia, la autorización del servicio público que ofrece, es uno sujeto a ciertas regulaciones y procesos que deben ser observados. Por tanto, en ausencia de que las mismos se hayan completado, ninguna falta por la ausencia de la conexión de agua potable en las propiedades de los peticionarios puede atribuírsele a la entidad.

En mérito de lo anterior, sostenemos lo resuelto en toda su extensión, y para que adquiera finalidad la *Resolución* recurrida, expedimos el recurso sometido ante nos y confirmamos la misma. La demanda de autos no aduce a una reclamación en contra de la recurrida AAA que justifique la concesión de un remedio a favor de los peticionarios. Por tanto, la desestimación resuelta constituye el más correcto quehacer procesal.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* solicitado y se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones